MATTER OF DUNCAN

In Visa Petition Proceedings

A-8848289

*Decided by District Director December 5, 1966*

A lecturer who has traveled extensively and has been lecturing on her travels since 1951, whose lectures have received widespread acclaim, and who has written a book and several magazine articles on her travels, is a person of exceptional ability in the arts who will benefit prospectively the cultural interests of the United States and, therefore, is eligible for preference classification, as a lecturer, under section 203(a)(3) of the Immigration and Nationality Act, as amended by P.L. 89-236.

**Discussion:** The beneficiary was born March 21, 1928, in Melbourne, Australia, and is a citizen of that country. She was last admitted into the United States at New York, New York, on September 10, 1963, under the provisions of section 101(a)(15)(B) of the Immigration and Nationality Act and is presently in Washington, D.C. She is a widely acclaimed lecturer who bases her travel monologues upon a vast reservoir of experiences accumulated through extensive travels in Australia, Africa, the Middle East, and Asia.

The beneficiary, on June 28, 1966, filed a petition in Washington, D.C., under section 203(a)(3) of the Act to accord herself third preference classification based upon her exceptional ability in the arts as a lecturer. Section 203(a)(3) of the Act provides that visas shall be made available "to qualified immigrants who are members of the professions, or who because of their exceptional ability in the sciences or the arts will substantially benefit prospectively the national economy, cultural interests, or welfare of the United States".

In support of her application, the beneficiary has submitted two categories of independent evidence regarding her claim to exceptional ability in the arts. The first consists of letters in her behalf from diverse philanthropic, religious, social, and cultural organizations. Among these are the Thomas A. Dooley Foundation, Inc., the Southern School Assemblies Agency, the National School Assemblies Agency, the Cosmos Club (Washington, D.C.), and the School Assembly Service, Inc. The second category consists of numerous newspaper reviews regarding her performance as a lecturer. All of this

material, without exception, is of a highly favorable nature. Invariably, the adjectives used to describe the impact upon her diverse audiences are "fascinating", "delightful", "interesting", and the like. She is personally described as intelligent, enthusiastic, and with a "natural sense of humor". Her audiences are said to listen with "rapt interest" and are "spellbound". It is estimated by one school agency alone that she has lectured to one quarter of a million students for that agency. A review of the record shows that she has been engaged in lecturing since approximately 1951 and that this is her primary occupation.

It is evident from the critics' reviews and from statements by her employers that the beneficiary is able to impart to her audiences a good share of the personal enthusiasm she has in her work. She has earned widespread acclaim for the uniform excellence of her performances and by her recognized ability to capture and hold her audiences as she relates of her experiences in many far off lands.

The beneficiary has also authored a book titled "Two Wheels to Adventure" (George G. Harrap, Publishers, London, England, 1957, 222 pages). It is based upon her travels in Australia. Several magazine articles of the type found in newspapers' Sunday magazine sections have been published. She also claims to have completed two years of study at Melbourne University.

Section 212(a)(14) of the Immigration and Nationality Act provides that preference immigrant aliens described in section 203(a)(3) of that Act, among others, are ineligible for issuance of immigrant visas and for admission to the United States unless the Secretary of Labor has first issued a certification to the effect that qualified workers are not available in the United States and that the employment of such aliens will not adversely affect the wages and working conditions of persons in the United States similarly employed. Under Part 204.2(f), Title 8, Code of Federal Regulations, a visa petition to accord an alien third preference classification may not be approved until such certification has been issued. In the instant case, the required certification was issued by the Department of Labor on April 22, 1966.

Upon careful consideration of the entire record, it is found that the beneficiary, as a lecturer, possesses exceptional ability in the arts which will substantially benefit prospectively the cultural interests of the United States. She is therefore qualified for preference classification under section 203(a)(3) of the Immigration and Nationality Act, as amended. Accordingly, the petition will be approved.

ORDER: It is ordered that the petition be and the same is hereby approved.